**2015 UT App 279**

# THE UTAH COURT OF APPEALS

ROBERT D. ROBINSON,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Decision
No. 20150713-CA
Filed November 19, 2015

Third District Court, West Jordan Department
The Honorable L. Douglas Hogan
No. 140410328

Robert D. Robinson, Appellant Pro Se

Sean D. Reyes and Thomas B. Brunker, Attorneys
for Appellee

Before JUDGES J. FREDERIC VOROS JR., STEPHEN L. ROTH, and
JOHN A. PEARCE.

PER CURIAM:

¶1 Robert D. Robinson appeals the district court's order granting the State's motion for summary judgment and dismissing Robinson's petition for post-conviction relief. This matter is before the court on its own motion for summary disposition on the basis that the grounds for relief are so insubstantial as not to merit further proceedings and consideration by the court.

¶2 The district court dismissed Robinson's petition for post-conviction relief after determining that it was time barred under Utah Code section 78B-9-107(1). "We review an appeal from an order dismissing or denying a petition for post-conviction relief for correctness without deference to the lower court's

conclusions of law." *Gardner v. State*, 2010 UT 46, ¶ 55, 234 P.3d 1115 (citation and internal quotation marks omitted).

¶3    Utah Code section 78B-9-107(1) states that "[a] petitioner is entitled to relief only if the petition is filed within one year after the cause of action has accrued." Utah Code Ann. § 78B-9-107(1) (LexisNexis 2012). The statute goes on to set forth the dates upon which the cause of action accrues:

> (a) the last day for filing an appeal from the entry of the final judgment of conviction, if no appeal is taken;
> (b) the entry of the decision of the appellate court which has jurisdiction over the case, if an appeal is taken;
> (c) the last day for filing a petition for writ of certiorari in the Utah Supreme Court or the United States Supreme Court, if no petition for writ of certiorari is filed;
> (d) the entry of the denial of the petition for writ of certiorari or the entry of the decision on the petition for certiorari review, if a petition for writ of certiorari is filed;
> (e) the date on which petitioner knew or should have known, in the exercise of reasonable diligence, of evidentiary facts on which the petition is based; or
> (f) the date on which the new rule described in Subsection 78B-9-104(1)(f) is established.

*Id.* § 78B–9–107(2).

¶4    After pleading no contest to several charges, Robinson was sentenced on March 11, 2011. He never filed a notice of appeal. Thus, unless he could establish that another accrual dated applied, Robinson was required to file his petition for post-conviction relief within one year of April 11, 2011, i.e., "the

last day for filing an appeal from the entry of the final judgment of conviction, if no appeal is taken." *Id.* § 78B-9-102(2)(a). Robinson did not file his petition for post-conviction relief until June 24, 2014. Robinson never made a viable argument to the district court as to why another accrual date should apply. Specifically, each of the claims raised by Robinson, such as whether counsel adequately investigated any potential alibi witnesses, were known or should have been known by Robinson at the time he was sentenced. Accordingly, such claims fail to operate to alter the accrual date. Thus, the petition was filed more than a year after his claim accrued. Because Robinson's petition for post-conviction relief was not filed until after the one-year statute of limitations had passed, the district court correctly determined that Robinson's petition was time barred.

¶5     Affirmed.

————